UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS KINWORTHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV0030 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Thomas Kinworthy's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, filed January 1, 2008 (Doc. No. 1 ("Motion")). Because this Court has determined that Kinworthy's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Kinworthy's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

On April 27, 2006, a Federal Grand Jury indicted Thomas Kinworthy in a conspiracy to distribute and possess with intent to distribute in excess of 50 grams of actual methamphetamine, in excess of 500 grams of a mixture or substance containing methamphetamine and 100 kilograms of marijuana (Count I). (Government's Response to Motion to Vacate, Set Aside or Correct Sentence and Supplement Pursuant to Title 18, United States Code, Section 2255 ("Response"), Doc. No. 5,

---

[1] "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted).

p. 1).[2]  On September 28, 2006, Kinworthy entered a guilty plea to Count I of the Indictment pursuant to a plea agreement entered into between the parties. (Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"), Doc. No. 5-3).

The Plea Agreement provided that the Base Offense Level on Count I was 38, based upon a finding that the quantity of actual methamphetamine for which defendant was accountable, including relevant conduct, was more than 1.5 kilograms. (Plea Agreement, ¶3B(1)). Petitioner was given a two level reduction for acceptance of responsibility and a one level reduction for timely notifying the prosecution of his intent to plea guilty, pursuant to Section 3E1.1(a). (Plea Agreement, ¶3D). The estimated and actual total offense level was 35. (Plea Agreement, ¶3F, Response, p. 2). The possible sentence range for this offense under the Guidelines was 235 to 293 months. (Response, pp. 2-3). On January 19, 2007, Kinworthy was sentenced to a term of 235 months in the custody of the United States Bureau of Prisons. (Motion, p. 1; Case 4:06CR00280, Doc. No. 178, p. 2).

On January 7, 2008, Kinworthy filed this Motion seeking relief based upon the following seven grounds:

(1)  Petitioner was denied due process of law because his sentence was based on inaccurate information regarding quantity of drugs,

(2)  Petitioner's counsel was ineffective in negotiating a plea agreement that concluded drug quantities that "did not, in fact, exist,"

(3)  Petitioner's counsel was ineffective because counsel failed to interview the Government's witnesses and, consequently, failed to discover that Petitioner's participation in the offense was minimal,

---

[2]The criminal case at issue is Case 4:06CR00280.

(4) Petitioner was denied due process of law because he was sentenced based upon a non-injectable form of methamphetamine which was a Schedule III controlled substance, rather than a Schedule II controlled substance,

(5) Petitioner's counsel was ineffective for failing to argue that the Court should depart downward from the sentencing guidelines because the sentencing guidelines failed to take into account the unique circumstances of the case, as those circumstances applied to the Petitioner,

(6) Petitioner's counsel was ineffective because he failed to conduct any investigation and was unable to make an argument regarding an appropriate sentence for the Petitioner or to argue that Petitioner's activities in connection with the case "were outside the heartland of the activities contemplated by the Guidelines in imposing a sentence that was below the guidelines recommendation," and

(7) Petitioner was denied due process of law during the sentencing phase because the district court did not realize it had the authority to impose a sentence below the advisory guideline range without "significant action."

## STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. U.S., No. 4:07-CV-1571, 2008 U.S. Dist. LEXIS 91052, *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. U.S., 417 U.S. 333, 346 (1974); Hill v. U.S., 368 U.S. 424, 428 (1962).

# DISCUSSION

## I. DUE PROCESS CLAIMS (Grounds 1, 4, 7)

### A. Legal Standard for Review of a Guilty Plea

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. U.S. v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. U.S., 876 F.2d 655, 657 (8th Cir. 1989), cert. denied, 493 U.S. 869, 110 S. Ct. 195, 107 L. Ed. 2d 149 (1989). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or challenge via a post-conviction writ of habeas corpus. Deroo v. U.S., 223 F.3d 919, 923 (8th Cir. 2000) (citing U.S. v. His Law, 85 F.3d 379 (8th Cir. 1996)). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." Deroo, 223 F.3d at 923. "When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." Lumpkins v. U.S., No. 4:06-CV-195, 2008 U.S. Dist. LEXIS 63105, *12-13 (E.D. Mo. Aug. 19, 2008).

### B. Petitioner has waived his right to challenge Grounds 1, 4 and 7.

In Grounds 1 and 4, Petitioner argues that he was denied due process because the quantity and nature of the drug offenses to which he pled were incorrect. In Ground 7, Petitioner asserts that the Court violated his due process rights because it failed to consider a sentence below the guidelines based upon the "extraordinary circumstances" present. Petitioner's claims in Grounds 1, 4 and 7 fail because he knowingly pled guilty in a Plea Agreement and waived his right to challenge these claims.

Petitioner waived all of the bases of Grounds 1, 4 and 7. Initially, Petitioner waived his right to challenge his sentence unless it was based upon prosecutorial misconduct or ineffective assistance

of counsel.[3] (Plea Agreement, ¶ 2.C(2)). Specifically, Petitioner waived his right to challenge the amount and nature of the drugs when he agreed not to challenge any issues related to "discovery" or related to the "negotiation, taking or acceptance of the guilty plea or the factual basis of the plea." (Plea Agreement, ¶ 2.C(1)(a)). Petitioner also agreed not to challenge the sentence imposed upon him if it was within the range of punishment under the Guidelines.[4] (Plea Agreement, ¶ 2.C(1)(b)).

Here, Kinworthy admitted working with Arnulfo Rodriguez, a/k/a Gerardo Pineda-Nieto, to pick up methamphetamine from associates in Kansas, Colorado and elsewhere and distribute it to various Missouri locations. (Plea Agreement, p. 10). Petitioner admitted that he participated in approximately 10 trips of this nature with the quantity of methamphetamine on each trip varying, but never involving less than one pound of methamphetamine. (Id.) Kinworthy admitted that during a search of his residence investigators found 12.6 grams of actual methamphetamine and 89.1 grams of marijuana near the rear bedroom of the residence. (Plea Agreement, p. 11) Agents discovered approximately 2.4 grams of methamphetamine in a gold lipstick container, .22 grams of cocaine and .17 grams of methamphetamine from a wooden box found in the living room. (Id.) Agents also located three glass smoking pipes, an electronic scale and miscellaneous paperwork. (Id.) In addition, co-defendant Jakul was stopped with 657 grams of actual methamphetamine. (Affidavit of Shawn Goulet ("Goulet Aff."), ¶ 15). The combined amount of actual methamphetamine agents

---

[3]Petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (Plea Agreement, ¶ 2.C(2)).

[4]Petitioner agreed that "[i]n the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendation agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of the agreement, both defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History, and Career Offender status." (Plea Agreement, ¶ 2.C(1)(b)).

found was sufficient for the base level offense of 38, based upon a total amount of 1.5 kilograms of actual methamphetamine. (Plea Agreement, ¶3B(1)).

In addition to these specific findings, Petitioner admitted to the quantity of actual methamphetamine, a Schedule II controlled substance, in the Plea Agreement and at the plea hearing. (Response, pp. 4-5, Plea Agreement, ¶¶ 3.B(1), 4). Given the substantial evidence of the actual methamphetamine admitted by him, Petitioner cannot dispute the amount or type of drugs at issue. Petitioner waived his right to dispute the quantity and type of methamphetamine in the Plea Agreement, and Petitioner is bound by those admissions here.

Petitioner also does not dispute that the Court sentenced him to a sentence within the Guideline range for the crime to which he pled. Under the Guidelines, the range for his offense was between 235 and 293 months, and Petitioner was sentenced to 235 months. Based upon the terms of the Plea Agreement, Petitioner has waived his right to challenge that sentence because it was within the Guideline range. See Plea Agreement, ¶ 2.C(1)(b).

In light of these admissions and Kinworthy's declarations of his intention to waive his right to file motions or proceed with trial, the Court finds no evidence of a violation of the due process of law. Kinworthy expressly, clearly and voluntarily waived his rights related to the taking and acceptance of his plea. The waiver itself is unambiguous, and the evidence demonstrates that Petitioner's counsel, Goulet, and the District Court accurately and thoroughly explained the Plea Agreement and appeal waiver to Kinworthy. The Plea Agreement was supported by consideration, given the government's agreement that "no further federal prosecution will be brought in this District relative to the defendant's participation in a conspiracy to distribute and possess with intent to distribute actual methamphetamine, a mixture or substance containing methamphetamine and marijuana from March 2005 until the date of the indictment[.]" (Plea Agreement, ¶2(A)). See U.S.

v. Sanchez, 508 F.3d 456, 460 (8th Cir. 2007) ("Plea agreements are contractual in nature and should be interpreted according to general contract principles." (citation omitted))). No miscarriage of justice exists. Kinworthy knowingly and voluntarily waived his right to appeal any issues relating to the negotiation, taking or acceptance of his guilty plea, the factual basis for the plea, or his sentence.

These undisputed facts demonstrate that Petitioner was guilty of the crimes to which he pled and, therefore, Petitioner cannot claim that he was prejudiced by violation of the due process of law. Grounds 1, 4 and 7 of Petitioner's § 2255 Motion must therefore be denied.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS (Grounds 2, 3, 5, 6)

### A. Legal Standard for Ineffective Assistance of Counsel

For an ineffective assistance of counsel claim under section 2255, "'a movant faces a heavy burden.'" Equere, 2008 U.S. Dist. LEXIS 91052, at *7 (quoting U.S. v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). A convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. U.S., 534 F.3d 832, (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "In the context of a guilty plea, to demonstrate prejudice [m]ovant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial." Ware v. U.S., No.

1:08CV5, 2008 U.S. Dist. LEXIS 93254, *10 (E.D. Mo. Nov. 17, 2008) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." U.S. v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

### C. Ground 2

In Ground 2, Petitioner asserts that "Counsel was ineffective in negotiating a plea agreement that conceded drug quantities which did not in fact exist." As noted previously, Kinworthy pled guilty to the amount and nature of the methamphetamine at issue in this case. Kinworthy waived his right to appeal that fact. Counsel can not be found to be deficient for failing to challenge a fact that Petitioner has admitted.

Moreover, there is no evidence that the performance of Petitioner's counsel, Shawn Goulet, was deficient. Goulet attested that Petitioner admitted possessing and transporting the quantity of drugs as stated in the Plea Agreement. Goulet attested that Petitioner estimated that he transported between 30 and 72 pound of methamphetamine. (Goulet Aff., ¶ 11). Goulet stated that Petitioner never disputed the amounts of methamphetamine stated in the Plea Agreement, nor did he claim that he was handling a schedule III, not a schedule II, methamphetamine. (Goulet Aff., ¶ 12). Petitioner does not allege in his Motion that he told Goulet that the amount and type of drugs in the Plea Agreement were incorrect. Goulet had no basis to challenge the amount and nature of the drugs in the Plea Agreement when Petitioner admitted to counsel that he had the quantity and type of methamphetamine and did not dispute the same upon review of the Plea Agreement. Ground 2 of Petitioner's § 2255 Motion must, therefore, be denied.

### D. Ground 3

Petitioner claims that his counsel was ineffective because he failed to interview witnesses and conduct an investigation of Petitioner's defenses. Petitioner's counsel provided evidence that he conducted a thorough investigation of Petitioner's defense, including interviewing witnesses. The witnesses that Goulet interviewed, however, did not advance Petitioner's cause. For example, Kinworthy's wife, Gwendolyn Kinworthy, informed federal agents that she had been recruited by Petitioner into the criminal enterprise. (Goulet Aff., ¶ 10).[5] Goulet states that Petitioner never provided counsel with the names of any witnesses that he wanted interviewed that would have challenged the government's case. (Goulet Aff., ¶ 12). Similarly, Petitioner does not identify in his Motion any witnesses that he claims would support his defense or rebut the government's case. There is no evidence that Goulet's performance was deficient or that Petitioner was prejudiced by Goulet's representation. For these reasons, Ground 3 fails.

### D. Grounds 5 and 6

Kinworthy claims that his counsel was ineffective at sentencing because Goulet failed to perform a proper investigation and failed to move the Court for a downward departure based upon Kinworthy's minimal involvement in the alleged conspiracy.

Initially, as discussed above, the evidence presented demonstrates that Goulet performed a thorough and proper investigation of Petitioner's defenses. Goulet interviewed witnesses, including Kinworthy and his wife, regarding the crimes at issue. (Goulet Aff., ¶¶ 4-6, 10, 12-19, 21). Goulet negotiated with the prosecution on behalf of his client. (Goulet Aff., ¶¶ 7, 19, 24). Goulet obtained and reviewed discovery with Petitioner. (Goulet Aff., ¶¶ 8-9). Petitioner, however, has not identified any witnesses or discovery that Goulet should have interviewed or performed, but failed to, that would have changed the sentence imposed upon Petitioner. In his Motion, Petitioner does not

---

[5]Kinworthy also told agents that he recruited his wife to transport drugs. (Goulet Aff., ¶ 7).

identify any witnesses, point out any documents or offer any suggestions as to how Goulet should have handled his case differently. As the evidence indicates that Goulet adequately and satisfactorily represented Petitioner and Petitioner cannot identify any specific deficiencies in Goulet's performance or any prejudice resulting from his representation, Ground 5 must fail.

With respect to Ground 6, the facts before the Court indicate that Kinworthy's counsel requested a downward departure from the Sentencing Guidelines based upon Kinworthy's minimal involvement in the conspiracy. Goulet attested that he argued at sentencing that Kinworthy was not as culpable as the majority of the defendants, but instead Petitioner acted merely as a courier of the drugs and not as an organizer or distributor of the drugs. (Goulet Aff., ¶ 24). Goulet argued at sentencing that the Sentencing Guidelines did not provide for sentence disparities between Kinworthy's and the other defendants' different roles in the offense. (Id.) Goulet also informed the Court of Kinworthy's positive attributes, including the Kinworthy's steady employment for the previous three (3) years as a truck mechanic making $14.50 per hour. (Id.) Goulet asked the Court for a variance from the Sentencing Guidelines pursuant to 18 U.S.C. § 3553(a) and U.S. v. Booker, 543 U.S. 220 (2005). Ground 6 of Petitioner's § 2255 Motion must therefore be denied. (Id.)

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Thomas Kinworthy's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 31st day of August, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE